Diarra v. Sessions
BIA
Schoppert, IJ
A205 016 867

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand eighteen.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
SUSAN L. CARNEY,
        *Circuit Judges.*
_____

ALY DIARRA,
        *Petitioner,*

        v.                                        16-3518
                                                  NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            Gary J. Yerman, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Benjamin Mark
                           Moss, Trial Attorney; Timothy Bo
                           Stanton, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aly Diarra, a native and citizen of Mali, seeks review of a September 22, 2016, decision of the BIA affirming a July 17, 2015, decision of an Immigration Judge ("IJ") denying Diarra's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Aly Diarra,* No. A 205 016 867 (B.I.A. Sept. 22, 2016), *aff'g* No. A 205 016 867(Immig. Ct. N.Y. City July 17, 2015).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the corroboration ruling on which the BIA declined to rely.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To obtain asylum, Diarra had the burden to establish past persecution or an objectively reasonable well-founded fear of future persecution.  8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R.

§ 1208.13(a), (b); *Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006). "[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Diarra did not address past persecution in his brief, stating incorrectly that the agency assumed that Diarra met his burden. Because he did not argue that he established past persecution, he has waived the issue. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). In any event, the agency did not err: Diarra's only evidence of past persecution was the visit from armed soldiers while he was not home and the implied threat that they wanted to kill him. Such a threat does not alone constitute persecution. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014); *Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006).

Because Diarra failed to establish past persecution, he had to demonstrate a well-founded fear of future persecution. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 140 (2d Cir. 2008); 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(a), (b). A fear of future persecution must be

3

"objectively reasonable" with "solid support in the record." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005). Applicants can either "provide evidence that there is a reasonable possibility [they] will be singled out for persecution" or show "that there is a pattern or practice in [their] country of nationality . . . of persecution of a group of persons similarly situated to the applicant." *See Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)(A) (alteration in original)).

The agency reasonably found that Diarra's fear of persecution from the armed soldiers who came to his home was not objectively reasonable as their leader was arrested and the democratic government restored in 2013. Diarra argues that the coup leader could still direct his soldiers from prison, but he presented no evidence to support this theory. *See Jian Xing Huang*, 421 F.3d at 129 (explaining that alleged fear must have "solid support in the record"). Diarra also points to instances of politically motivated disappearances and violence against people with ties to the pre-coup government, but the individuals responsible for those incidents have been arrested. Though the State Department report notes politically motivated

4

disappearances and violence, there is no evidence that government contractors like Diarra are targeted. Finally, Diarra argues that his fear of persecution is objectively reasonable because of ongoing conflict and human rights abuses in Mali. But general conditions of crime and violence "do[] not lend support to an asylum claim," which requires persecution on account of an enumerated protected ground. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

The agency also reasonably found that Diarra could not establish a well-founded fear of future persecution based on the threat of FGM to his daughters. An applicant may not claim persecution "based solely on harm that was inflicted on a family member . . . because an applicant must rely upon harm the applicant has suffered individually." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). Diarra argues otherwise, relying on a Ninth Circuit case, *Sumolang v. Holder*. But that case is distinguishable because the Ninth Circuit ruled that "harm to a child can amount to persecution of [the] parent," only when it is "directed against the parent 'on account of' or 'because of' *the parent's*" protected characteristic. 723 F.3d 1080, 1084 (9th Cir. 2013). Diarra testified that his daughters were in danger of FGM because of

5

societal custom in Mali, not because anyone sought to target him based on a protected characteristic. The agency thus did not err in concluding that Diarra had not shown an objectively reasonable fear of future persecution based on the threat of FGM.

Because Diarra has not shown the objectively reasonable fear of persecution needed to make out an asylum claim, he has not met the higher standard required to succeed on his claims for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court